IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA – ALBANY DIVISION

| | |
|---|---|
| **WESTFIELD INSURANCE COMPANY**<br>**ONE PARK CIRCLE**<br>**WESTFIELD CENTER, OH 44251**<br><br>        **PLAINTIFF**<br>  **V.**<br><br>**INTERNATIONAL FIRE PROTECTION, INC.**<br>**243 ROYAL DRIVE**<br>**MADISON, AL 35758-1788**<br><br>        **DEFENDANT** | **CIVIL ACTION NO.:**<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff, Westfield Insurance Company, by and through its undersigned counsel, hereby demands judgment against the Defendant, International Fire Protection, Inc. and complains against it as follows:

## PARTIES

1. Westfield Insurance Company ("Plaintiff" or "Westfield") is a corporation organized and existing under the laws of the State of Ohio, with a principal place of business located at One Park Circle, Westfield Center, OH 44251.

2. At all times relevant hereto, Westfield was duly authorized to engage in the business of (inter alia) property insurance in Georgia.

3. At all times relevant hereto, Westfield provided property insurance, *inter alia,* to VRL Hotels 12, LLC. ("VRL Hotels") in connection with its property, a Comfort Inn and Suites, located at 2803 Frontage Road, Cordelle, GA 31015-2286 ("subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

1

4. In the wake of the water damage described below, as a result of a claim made on said policy (which was duly paid pursuant thereto), Westfield became subrogated to certain recovery rights and interests of VRL Hotels for monies paid thereunder, including the claims giving rise to the within cause of action.

5. Upon information and belief, the Defendant, International Fire Protection, Inc. ("Defendant" or "IFP"), was an Alabama corporation existing in and duly authorized to engage in business in the state of Georgia with a principal place of business located at 243 Royal Drive, Madison, AL 35758-1788.

6. At all times relevant hereto, Defendant was engaged in the business of, *inter alia,* repairing fire protections systems. Defendant performed services for VRL Hotels in Cordelle, Georgia, out of which this cause of action arises.

## JURISDICTION

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court exclusive of interest and costs in excess of $75,000.00.

8. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

9. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

10. Defendant was a professional fire protection service company providing service, repair, inspection, and testing of fire suppression sprinkler systems. The Defendant held itself out as having specialized knowledge concerning fire protection systems and held itself out as an

expert in that field.

11. On August 20, 2019, water damage occurred at the subject property due to Defendant improperly installing a sprinkler head ("the subject sprinkler heard") on the fourth floor.

12. On August 20, 2019 shortly after the technician for the Defendant left the subject property the newly replaced sprinkler head popped off without the presence of fire, heat or smoke and flooded the entire fourth floor which leaked all the way down to the first floor.

13. The damages sustained by Plaintiff are the direct and proximate result of the negligence and other liability producing conduct of Defendant, as more fully set forth below.

## COUNT I – NEGLIGENCE

14. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

15. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness and/or other liability producing conduct of Defendant, including negligent acts and/or omissions, as performed personally and/or by and through its agents, employees and/or servants, more specifically described as follows:

    (a) failing to exercise reasonable care in the performance of duties in the installation of the subject sprinkler head at the subject property, including, but not limited to, carelessly and negligently performing the following:

        (1) failing to competently install the subject sprinkler head at the subject property in a safe and appropriate manner;

        (2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the installation of the subject sprinkler head at the subject property in a safe and appropriate manner in order to properly protect the sprinkler heads from popping off without the presence of fire, smoke or heat; and/or

        (3) failing to properly monitor the work of all agents and/or employees during the installation of the subject sprinkler head to ensure compliance with applicable codes.

(b) failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks and make recommendations as set forth in subparagraph (a);

(c) failing to adequately warn Plaintiff of the dangers associated with failing to exercise reasonable care as set forth in subparagraph (a), above;

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to perform their duties and tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards, which include but are not limited to NFPA 25;

(f) failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $250,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF WARRANTIES

16. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

17. In furtherance of the aforementioned services performed, Defendant expressly and impliedly warranted that all work performed would be done in a reasonably workman-like manner, and/or with quality workmanship.

18. Based upon the aforementioned improper conduct on the part of Defendant, personally and through servants, employees, and/or agents as set forth above, Defendant breached these warranties.

19. Plaintiff and VRL Hotels have performed all conditions precedent to recover based upon such breaches.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $250,000.00, plus costs incident to this suit, delay damages, attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Respectfully submitted,

KEVIN PATRICK LAW, LLC

By: *Kevin Patrick*

Kevin Patrick
Ga. Bar No. 225211
2860 Piedmont Road, N.E. Suite 140
Atlanta, GA 30305
(404) 566-8964
kevin@patricktriallaw.com
Attorney for Plaintiff

Dated: May 23, 2023